Case No.16-10312

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

PHILLIP TURNER,

Plaintiff – Appellant,

v.

LIEUTENANT DRIVER, in his individual capacity; OFFICER GRINALDS, Badge Number 3825, in his individual capacity; OFFICER DYESS, Badge Number 2586, in his individual capacity,

Defendants – Appellees.

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
Civil Action No. 4:15-cv-00824-A

## APPELLANT'S RECORD EXCERPTS

Kervyn B. Altaffer Jr.
State Bar No. 01116575
kervyn@altafferlaw.com
Lunbing Chen
State Bar No. 24097493
lunbing@altafferlaw.com

ALTAFFER & CHEN PLLC
4054 McKinney Avenue, Suite 310
Dallas, TX 75204

Meagan Hassan
State Bar No. 24065385
meagan.hassan@demondhassan.com

DEMOND & HASSAN PLLC
2450 Louisiana, #400-528
Houston, TX 77006

ATTORNEYS OF RECORD FOR APPELLANT PHILLIP TURNER

*ORAL ARGUMENT REQUESTED*

# TABLE OF CONTENTS

**Description**                                                                                          **Tab**

## I.     Rule 30.1.4 Mandatory Contents

Docket Sheet (ROA.1-6)..........................................................................................Tab 1

Notice of Appeal (filed March 18, 2016) (ROA.345).......................................…..Tab 2

Final Judgment As To Certain Parties
(entered Feb. 19, 2016) (ROA.320).........................................................................Tab 3

Memorandum Opinion and Order
    (entered Feb. 19, 2016) (ROA.309-319)....................................................Tab 4

## II.     Rule 30.1.5 Optional Contents

Plaintiff's First Amended Complaint and Jury Demand
    (filed Jan.12, 2016) (ROA.120-135)..............................................................Tab 5

## <u>CERTIFICATE OF SERVICE</u>

In compliance with Fed. R. App. P. 30(f), 5th Cir. R. 30.1.2, and ECF Filing Standards, I certify that a PDF copy was electronically served when the record excerpts were filed through the ECF system.

Luis A Galindo
Law Office of Luis A Galindo
600 Fort Worth Club Bldg
306 West 7th St
Fort Worth, TX 76102
(t) 817-335-5722
(f) 817-877-3723
Luisgalindo-pllc@sbcglobal.net

Counsel for Lieutenant Driver, Defendant - Appellee

Kenneth E East
 Foster & East
9001 Airport Freeway, Suite 675
North Richland Hills, TX 76180
(t) 817-788-1111
(f) 817-485-2836
Ken@fostereast.com

Counsel for Officer Grinalds, Defendant - Appellee

D. Lee Thomas, Jr.
Law Office of D Lee Thomas
507 West Central Ave
Fort Worth, TX 76164-9135
(t) 817-625-8866
(f) 817-625-8950
dlthom31@yahoo.com

Counsel for Officer Dyess, Defendant-Appellee

In accordance with 5th Cir. R. 30.1.2 and ECF Filing Standards, I further certify that four copies of these record excerpts will be filed without a cover letter within five days of their ECF filing with the clerk of the Court by first-class United States mail.

In accordance with 5th Cir. R. 25.2.13, I further certify that all privacy redactions have been made.

In accordance with 5th Cir. R. 25.2.1, I further certify that the electronic submission is an exact copy of the paper document.

Finally, I certify that the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

/s/Kervyn B. Altaffer Jr.
Kervyn B. Altaffer Jr.

# TAB 1

## Docket Sheet
(ROA.1- 6)

APPEAL,JURY,PAPER_REQUIRED,STAYED

# U.S. District Court
# Northern District of Texas (Fort Worth)
# CIVIL DOCKET FOR CASE #: 4:15-cv-00824-A

Turner v. Driver et al
Assigned to: Judge John McBryde
Case in other court:  U S Court of Appeals 5th Circuit, 16-10312
Cause: 42:1983 Civil Rights Act

Date Filed: 10/30/2015
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other Civil Rights
Jurisdiction: Federal Question

### Plaintiff

**Phillip Turner**
                                          represented by  **Kervyn B Altaffer , Jr**
Law Office of Kervyn B. Altaffer Jr.
4054 McKinney Ave Suite 310
Dallas, TX 75204
972-234-3633
Fax: 972-947-3663
Email: kervyn@altafferlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

### Defendant

**Lieutenant Driver**
*in his individual capacity*
*TERMINATED: 02/19/2016*
       represented by  **Luis A Galindo**
Law Office of Luis A Galindo
600 Fort Worth Club Bldg
306 West 7th St
Fort Worth, TX 76102
817/335-5722
Fax: 817/877-3723
Email: luisgalindo-pllc@sbcglobal.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

### Defendant

**Officer Grinalds**
*Badge No. 3825, in his individual capacity*
*TERMINATED: 02/19/2016*
       represented by  **Kenneth E East**
Foster & East
9001 Airport Freeway, Suite 675
North Richland Hills, TX 76180
817/788-1111
Fax: 817/485-2836
Email: ken1@airmail.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**Officer Dyess**
*Badge No. 2586, in his individual capacity*
*TERMINATED: 02/19/2016*

represented by **D Lee Thomas , Jr**
Law Office of D Lee Thomas
507 West Central Ave
Fort Worth, TX 76164-9135
817/625-8866
Fax: 817/625-8950 FAX
Email: dlthom31@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**City of Fort Worth**

represented by **Laetitia Coleman Brown**
Fort Worth City Attorney's Office
1000 Throckmorton
Fort Worth, TX 76102
817/392-6639
Fax: 817/392-8359
Email: laetitia.brown@fortworthtexas.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Gerald Pruitt**
Fort Worth City Attorney's Office
1000 Throckmorton
Fort Worth, TX 76102
817/392-7616
Fax: 817/871-8359
Email: gerald.pruitt@fortworthtexas.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Victoria Danielle Honey**
City of Fort Worth
1000 Throckmorton Street
Fort Worth, TX 76102
817/392-7627
Fax: 817/392-8359
Email: victoria.honey@fortworthtexas.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 10/30/2015 | 1 (p.7) | COMPLAINT WITH JURY DEMAND against Driver, Dyess, Grinalds filed by Phillip Turner. (Filing fee $400; Receipt number 0539-7158590) Summons(es) not requested at this time. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements is provided. The court reminds the filer that any required copy of this and future documents must be |

| | | delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: _Attorney Information - Bar Membership_. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.7) Cover Sheet) (Altaffer, Kervyn) Original received on 11/2/2015 (trs). (Entered: 10/30/2015) |
|---|---|---|
| 10/30/2015 | 2 (p.21) | CERTIFICATE OF INTERESTED PERSONS by Phillip Turner. (Altaffer, Kervyn) Original received on 11/5/2015 (trs). (Entered: 10/30/2015) |
| 10/30/2015 | 3 (p.23) | New Case Notes: A filing fee has been paid. File to Judge McBryde. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. (wxc) (Entered: 10/30/2015) |
| 10/30/2015 | 4 (p.25) | Standing ORDER Concerning Paper Filing in Cases Assigned to District Judge John McBryde...see order for specifics. (Ordered by Judge John McBryde on 10/30/2015) (wxc) (Entered: 10/30/2015) |
| 12/21/2015 | 5 (p.28) | CERTIFICATE OF INTERESTED PERSONS filed by Officer Grinalds. (trs) (Entered: 12/21/2015) |
| 12/21/2015 | 6 (p.30) | Motion to Dismiss for Failure to State a Claim filed by Grinalds with Brief in Support. (trs) (Entered: 12/21/2015) |
| 12/21/2015 | 7 (p.55) | MOTION to Dismiss Plaintiff's Original Complaint and Brief in Support Thereof filed by Driver (trs) (Entered: 12/21/2015) |
| 12/21/2015 | 8 (p.65) | MOTION to Stay Discovery Based on Qualified Immunity and Brief in Support Thereof filed by Driver (trs) (Entered: 12/21/2015) |
| 12/21/2015 | 9 (p.68) | ORDER granting 8 (p.65) Motion to Stay Discovery: The court having considered Lieutenant Driver's Motion to Stay Discovery is of the opinion that such motion should be granted. IT IS THEREFORE, ORDERED ADJUDGED AND DECREED that the motion to stay is granted and that all discovery is stayed until further order of this Court addressing the immunity of Lieutenant Driver and other defendant officers, all subject to further orders of the court. (Ordered by Judge John McBryde on 12/21/2015) (trs) (Entered: 12/21/2015) |
| 12/22/2015 | 10 (p.69) | CERTIFICATE OF INTERESTED PERSONS filed by Dyess. (trs) (Entered: 12/23/2015) |
| 12/22/2015 | 11 (p.71) | Motion to Dismiss for Failure to State a Claim and Brief in Support Thereof filed by Dyess (trs) (Entered: 12/23/2015) |
| 12/23/2015 | 12 (p.96) | CERTIFICATE OF INTERESTED PERSONS by Driver. (trs) (Entered: 12/23/2015) |
| 01/12/2016 | 13 (p.98) | Unopposed First MOTION for Leave to Amend and File Plaintiff's First Amended Complaint and Brief in Support filed by Phillip Turner (trs) (Entered: 01/12/2016) |
| 01/12/2016 | 14 (p.119) | ORDER granting 13 (p.98) Motion for Leave to Amend (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge John McBryde on 1/12/2016) (trs) (Entered: 01/13/2016) |

| | | |
|---|---|---|
| 01/12/2016 | 15 (p.120) | AMENDED COMPLAINT against All Defendants filed by Phillip Turner. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (trs) (Main Document 15 replaced on 1/13/2016) (trs). (Entered: 01/13/2016) |
| 01/12/2016 | 16 (p.136) | ORDER finding as moot 6 (p.30) Motion to Dismiss for Failure to State a Claim; finding as moot 7 (p.55) Motion to Dismiss; finding as moot 11 (p.71) Motion to Dismiss for Failure to State a Claim: On the date of the signing of this order, the court granted the unopposed motion for leave to file an amended complaint filed by plaintiff, Phillip Turner. The court finds that the motions to dismiss are now mooted. (Ordered by Judge John McBryde on 1/12/2016) (trs) (Entered: 01/13/2016) |
| 01/13/2016 | 17 (p.137) | Motion to Dismiss for Failure to State a Claim filed by Grinalds with Brief/Memorandum in Support. (trs) (Entered: 01/13/2016) |
| 01/14/2016 | 18 (p.163) | Summons Issued as to City of Fort Worth. (trs) (Entered: 01/14/2016) |
| 01/20/2016 | 19 (p.165) | MOTION to Dismiss Plaintiff's First Amended Complaint and Brief in Support Thereof filed by Driver (trs) (Entered: 01/20/2016) |
| 01/20/2016 | 20 (p.176) | Motion to Dismiss for Failure to State a Claim and Brief in Support Thereof filed by Dyess (trs) (Entered: 01/20/2016) |
| 02/03/2016 | 21 (p.202) | SUMMONS Returned Executed as to City of Fort Worth; served on 1/14/2016. (trs) (Entered: 02/03/2016) |
| 02/03/2016 | 22 (p.205) | RESPONSE and Brief in Response filed by Phillip Turner re: 17 (p.137) Motion to Dismiss for Failure to State a Claim, 20 (p.176) Motion to Dismiss for Failure to State a Claim, 19 (p.165) MOTION to Dismiss (trs) (Entered: 02/03/2016) |
| 02/03/2016 | 23 (p.233) | Supplemental Document by Phillip Turner as to 22 (p.205) Response/Objection. (trs) (Entered: 02/03/2016) |
| 02/04/2016 | 24 (p.270) | ANSWER to 15 (p.120) Amended Complaint filed by City of Fort Worth. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (trs) (Entered: 02/04/2016) |
| 02/04/2016 | 25 (p.287) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by City of Fort Worth. (trs) (Entered: 02/04/2016) |
| 02/11/2016 | 26 (p.290) | Reply Brief in Support filed by Driver re 19 (p.165) MOTION to Dismiss (trs) (Entered: 02/11/2016) |
| 02/17/2016 | 27 (p.298) | Reply Brief in Support filed by Dyess re 20 (p.176) Motion to Dismiss (trs) (Entered: 02/17/2016) |
| 02/17/2016 | 28 (p.302) | Reply Brief in Support filed by Grinalds re 17 (p.137) Motion to Dismiss (trs) (Entered: 02/17/2016) |
| 02/19/2016 | 29 (p.309) | |

| | | |
|---|---|---|
| | | Memorandum Opinion and Order granting 17 (p.137) Dismiss for Failure to State a Claim filed by Grinalds, 20 (p.176) Dismiss for Failure to State a Claim filed by Dyess, 19 (p.165) Motion to Dismiss filed by Driver: The court ORDERS that the motions to dismiss of Driver, Grinalds, and Dyess, be, and are hereby, granted, and that plaintiff's claims against those defendants be, and are hereby, dismissed. The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Driver, Grinalds, and Dyess. The court further ORDERS that from this point forward City of Fort Worth is the only defendant in this action and that the style of this action shall be "Phillip Turner, Plaintiff, v. City of Fort Worth, Defendant." (Ordered by Judge John McBryde on 2/19/2016) (trs) (Entered: 02/19/2016) |
| 02/19/2016 | 30 (p.320) | FINAL JUDGMENT AS TO CERTAIN PARTIES: Consistent with the Memorandum Opinion and Order signed in the above-captioned action on the date of the signing of this final judgment, The court ORDERS, ADJUDGES, and DECREES that all claims or causes of action asserted by plaintiff, Phillip Turner, against defendants Lieutenant Driver, Officer Grinalds, Badge 3825, and Officer Dyess, Badge 2586 in the above-captioned action, be, and are hereby, dismissed. (Ordered by Judge John McBryde on 2/19/2016) (trs) (Entered: 02/19/2016) |
| 02/19/2016 | 31 (p.321) | JOINT STATUS REPORT ORDER: This order pertains to preparation of a status report and also contains important directives that will govern procedures applicable throughout the pendency of this action. Read this order carefully. Joint Status Report due 4:00 p.m. on March 21, 2016. (Ordered by Judge John McBryde on 2/19/2016) (trs) (Entered: 02/19/2016) |
| 03/17/2016 | 32 (p.331) | JOINT STATUS REPORT filed by City of Fort Worth and Phillip Turner. (hth) (Entered: 03/17/2016) |
| 03/17/2016 | 33 (p.336) | SCHEDULING ORDER: Amended Pleadings due by 11/17/2016. Discovery due by 1/17/2017. Pretrial Conference set for 2/6/2017 09:30 AM in US Courthouse, Courtroom 4th Floor, 501 W. 10th St. Fort Worth, TX 76102-3673 before Judge John McBryde. Joinder of Parties due by 7/15/2016. Jury Trial set for 3/13/2017 09:00 AM before Judge John McBryde. (Ordered by Judge John McBryde on 3/17/2016) (hth) (Entered: 03/17/2016) |
| 03/18/2016 | 34 (p.345) | NOTICE OF APPEAL as to 29 (p.309) Memorandum Opinion and Order, 30 (p.320) Order, Add and Terminate Parties, to the Fifth Circuit by Phillip Turner. Filing fee $505, receipt number FW026099. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (tle) Modified on 3/18/2016 (tle). (Entered: 03/18/2016) |
| 03/21/2016 | | Confirmation of receipt of payment from Kervyn B Altaffer Jr in the amount of $505.00. Transaction posted on 3/18/2016. Receipt number FW026099 processed by te. (gmg) (Entered: 03/21/2016) |
| 03/25/2016 | | |

| | | USCA Case Number 16-10312 in U S Court of Appeals 5th Circuit for <u>34 (p.345)</u> Notice of Appeal, filed by Phillip Turner. (tle) (Entered: 03/25/2016) |
|---|---|---|
| 03/29/2016 | <u>35 (p.346)</u> | NOTICE of Attorney Appearance by Gerald Pruitt on behalf of City of Fort Worth. (hth) (Entered: 03/29/2016) |
| 03/30/2016 | <u>36 (p.349)</u> | AGREED MOTION to Stay proceedings pending appeal of order of dismissal of certain defendants filed by City of Fort Worth, and Phillip Turner. (hth) (Entered: 03/30/2016) |
| 03/30/2016 | <u>37 (p.353)</u> | ORDER: On this day came on to be heard the Parties Agreed Motion To Stay <u>36 (p.349)</u> Proceedings Pending Appeal Of Order Of Dismissal Of Certain Defendants. The Court finds that the Motion is well taken and should be granted in its entirety. The Court hereby stays all proceedings in this matter until further order of the Court. (Ordered by Judge John McBryde on 3/30/2016) (hth) (Entered: 03/30/2016) |

# TAB 2

<u>Notice of Appeal</u>
(filed March 18, 2016)
(ROA.345)

ORIGINAL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

FILE NO. 4:15-cv-824—

| | | |
|---|---|---|
| **PHILLIP TURNER** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **NOTICE OF APPEAL** |
| **LIEUTENANT DRIVER,** | § | |
| **OFFICER GRINALDS, Badge 3825,** | § | |
| **OFFICER DYESS, Badge 2586,** | § | |
| **Defendants** | § | |

Notice is hereby given that Phillip Turner, Plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the Memorandum Opinion and Order and the Final Judgment As To Certain Parties entered in this action on the 19th day of February, 2016.

Respectfully submitted this 18th day of March 2016,

By: _____

Kervyn B. Altaffer Jr.
Texas Bar No. 01116575
Email: kervyn@altafferlaw.com

Altaffer & Chen PLLC
4045 McKinney Ave Ste 310
Dallas, Texas 75204
Tel: 972.234.3633
Fax: 972.947.3663

**Attorney for Plaintiff**

# TAB 3

Final Judgment As To Certain Parties
(entered Feb. 19, 2016)
(ROA.320)



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 19 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

PHILLIP TURNER,                          §
                                         §
            Plaintiff,                   §
                                         §
VS.                                      §    NO. 4:15-CV-824-A
                                         §
CITY OF FORT WORTH,                      §
                                         §
            Defendant.                   §

## FINAL JUDGMENT AS TO CERTAIN PARTIES

Consistent with the Memorandum Opinion and Order signed in the above-captioned action on the date of the signing of this final judgment,

The court ORDERS, ADJUDGES, and DECREES that all claims or causes of action asserted by plaintiff, Phillip Turner, against defendants Lieutenant Driver, Officer Grinalds, Badge 3825, and Officer Dyess, Badge 2586 in the above-captioned action, be, and are hereby, dismissed.

SIGNED February 19, 2016.

JOHN McBRYDE
United States District Judge

**TAB 4**

Memorandum Opinion and Order
(entered Feb. 19, 2016)
(ROA.309-319)

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 1 9 2016

CLERK, U.S. DISTRICT COURT

By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PHILLIP TURNER,                          §
                                         §
            Plaintiff,                   §
                                         §
VS.                                      §    NO. 4:15-CV-824-A
                                         §
LIEUTENANT DRIVER, ET AL.,               §
                                         §
            Defendants.                  §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motions to dismiss filed in
the above-captioned action by defendants Lieutenant Driver
("Driver"), Officer Grinalds, Badge 3825 ("Grinalds"), and
Officer Dyess, Badge 2586 ("Dyess") (collectively "movants").[1]
Plaintiff, Phillip Turner, has responded. Having considered the
motions, the response, movants' replies, the first amended
complaint, and the applicable legal authorities, the court
concludes that the motions should be granted.

---

[1] The movants filed separate motions to dismiss plaintiff's claims. Because the court concludes
that all movants are entitled to qualified immunity for the same reason, the court deals with all three
motions in this memorandum opinion and order. This memorandum opinion and order does not address
plaintiff's claims against the City of Fort Worth as it did not file a motion to dismiss.

I.

## Background

In summary form plaintiff made the following allegations in
his first amended complaint:

Plaintiff alleged that he was arrested in violation of his
First Amendment right to videotape a police station and the
activity at the station, and his right to refuse to identify
himself when officers from the station asked him to do so.
According to plaintiff, he was conducting his videotape activity
while standing on a public sidewalk across the street from the
police station. Turner and Grinalds came from the station and
asked plaintiff to identify himself. When plaintiff refused to
provide identification, he was handcuffed and placed in the back
of a police car. Turner and Grinalds requested that a supervisor
come to the scene, and Driver responded. Driver also requested
identification from plaintiff. Plaintiff again refused to provide
identification. Driver lectured plaintiff but eventually allowed
him to leave.

Plaintiff alleged that the actions of movants in response to
his conduct were in violation of his First, Fourth, and
Fourteenth Amendment rights.

2

II.

## The Motions to Dismiss

Each of the motions to dismiss seeks dismissal for failure

of plaintiff state a claim upon which relief may be granted

against the movant. In each instance, a ground of the motion is

that the movant is entitled to qualified immunity. Inasmuch as

the court is dismissing the claims against movants on that

ground, the court is not devoting attention to other grounds

asserted by movants.

III.

## Pertinent Legal Principles

### A.   Standards Applicable to the Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure

provides, in a general way, the applicable standard of pleading.

It requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

notice of what the claim is and the grounds upon which it rests."

Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis

omitted). Although a complaint need not contain detailed factual

allegations, the "showing" contemplated by Rule 8 requires the

plaintiff to do more than simply allege legal conclusions or

recite the elements of a cause of action. Id. at 555 & n.3. Thus,

3

while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

4

B.    Standards Applicable to Qualified Immunity

Qualified immunity insulates a government official from
civil damages liability when the official's actions do not
"violate clearly established statutory or constitutional rights
of which a reasonable person would have known." Harlow v.
Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be "clearly
established," the right's contours must be "sufficiently clear
that a reasonable official would understand that what he is doing
violates that right." Anderson v. Creighton, 483 U.S. 635, 640
(1987). Individual liability thus turns on the objective legal
reasonableness of the defendant's actions assessed in light of
clearly established law at the time. Hunter v. Bryant, 502 U.S.
224, 228 (1991); Anderson, 483 U.S. at 639-40. In Harlow, the
court explained that a key question is "whether that law was
clearly established at the time an action occurred" because "[i]f
the law at that time was not clearly established, an official
could not reasonably be expected to anticipate subsequent legal
developments, nor could he fairly be said to 'know' that the law
forbade conduct not previously identified as unlawful." 457 U.S.
at 818. In assessing whether the law was clearly established at
the time, the court is to consider all relevant legal authority,
whether cited by the parties or not. Elder v. Holloway, 510 U.S.
510, 512 (1994). If public officials of reasonable competence

5

could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341.

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Malley, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err

6

always on the side of caution" because they fear being sued.
. . .

502 U.S. at 229.

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010); Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994).

IV.

## Application of Law to Facts

Movants assert that they are entitled to qualified immunity from plaintiff's claims. Doc.[2] 17 at 8-9; Doc. 19 at 6-8; & Doc. 20 at 8-9. Thus, the burden falls on plaintiff to show that movants have violated a clearly established statutory or constitutional right of plaintiff, and that movants took action that was objectively unreasonable. See Harlow, 457 U.S. at 818; Kovacic, 628 F.3d at 211. Plaintiff's claims are based on an asserted violation of plaintiff's First Amendment right to videotape the police station and the activities there and an asserted violation of his Fourth Amendment rights after he refused to identify himself.

---

[2] The "Doc. ___" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:15-CV-824-A.

7

The Supreme Court and Fifth Circuit have not addressed whether or not there is a First Amendment right to videotape police activities. Circuit courts that have addressed the issue in different contexts are split as to whether or not there is a clearly established First Amendment right to record the public activities of police. Compare Gericke v. Begin, 753 F.3d 1, 9 (1st Cir. 2014) (holding that there can be a First Amendment right to film a police officer making a traffic stop), and Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000) (holding that there is a First Amendment right to videotape police activity, subject to reasonable time, manner and place restrictions), with Kelly v. Borough of Carlisle, 622 F.3d 248, 262-63 (3d Cir. 2010) (holding that a First Amendment right to videotape police officers during a traffic stop was not clearly established), and Szymecki v. Houck, 353 Fed. App'x 852 (4th Cir. 2010) (agreeing with a lower court that there was qualified immunity because the asserted right to record police activities on public property was not clearly established in the Fourth Circuit).

An official is entitled to qualified immunity unless preexisting law makes apparent the unlawfulness of the official's conduct. See Anderson, 483 U.S. at 640. There is nothing in the case law to suggest that police officers are constitutionally

8

prohibited from making reasonable inquiry, and taking reasonable steps, to identify an unknown person who is seen videotaping their place of work and the place where they come and go in their private vehicles. In this day and age, the risk to public officials, particularly police officers, is such that a police officer could reasonably believe that he had the right to require plaintiff to identify himself after plaintiff was observed videotaping the police station and to take appropriate action in response to plaintiff's refusal to identify himself.

When the unique facts of this case, as alleged by plaintiff, are considered, all movants enjoy qualified immunity for the actions they took in response to plaintiff's conduct. Plaintiff has not carried his burden to show that movants are not entitled to qualified immunity as to the claims plaintiff is making against them. He has not demonstrated that any of the actions of movants violated any clearly established statutory or constitutional right of plaintiff or that any action taken by any of the movants was objectively unreasonable.

\* \* \* \* \*

Tucked near the end of plaintiff's response is an alternative request that, if the court determines to grant all or part of movants' motions, the court give plaintiff leave to conduct discovery as to qualified immunity and "to amend his

9

lawsuit in accordance with what the discovery reveals and in accordance with findings of the Court." Doc. 15 at 22, § II. Nothing in the title of the responsive document discloses that any such request or motion is contained therein. Thus, plaintiff's request is made in violation of Rule LR 5.1(c) of the Local Civil Rules of this court, which requires that any filed document "must clearly identify each included pleading, motion, or other paper in its title."

The court further notes that it is the duty of the plaintiff, not the court, to evaluate the need for him to file an amended complaint after he receives and reviews motions to dismiss such as those filed by movants. Particularly is that the case here since plaintiff already has filed an amended complaint in response to earlier motions of movants to dismiss. Docs. 6, 7, 11, and 15.

For the reasons stated, the court is denying the request made by plaintiff on page 22 of plaintiff's response.

V.

## Order

Therefore,

The court ORDERS that the motions to dismiss of Driver, Grinalds, and Dyess, be, and are hereby, granted, and that

10

plaintiff's claims against those defendants be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Driver, Grinalds, and Dyess.

The court further ORDERS that from this point forward City of Fort Worth is the only defendant in this action and that the style of this action shall be "Phillip Turner, Plaintiff, v. City of Fort Worth, Defendant."

SIGNED February 19, 2016.

JOHN McBRYDE
United States District Judge

11

# TAB 5

Plaintiff's First Amended Complaint and
Jury Demand
(filed Jan. 12, 2016)
(ROA.120-135)



NORTHERN DISTRICT OF TEXAS
FILED

JAN 1 2 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

ORIGINAL **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PHILLIP TURNER** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:15-cv-00824-A** |
| **LIEUTENANT DRIVER,** | § | |
| **OFFICER GRINALDS, Badge 3825,** | § | |
| **OFFICER DYESS, Badge 2586,** | § | |
| **Defendants** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Phillip Turner ["Mr. Turner"], complaining of Defendants, City of Fort Worth [Fort Worth], Lt. Driver, Officer Grinalds, and Officer Dyess, hereby files Plaintiff's First Amended Complaint and Jury Demand and respectfully shows the following:

## I.    NATURE OF THE ACTION

1.    This is a civil rights action for declaratory relief and damages arising under the Constitution of the United States and under the laws of the United States. Mr. Turner was lawfully exercising his First Amendment rights under the Constitution by using his video camera to observe and videotape activity of the City of Fort Worth, Texas, Police Department from a public sidewalk in daylight hours and in plain view, without interfering with traffic or with any activities of Fort Worth Police Department. This was not a crime. Nonetheless, Defendants treated Mr. Turner as if it were. Defendant Officers harassed, detained, assaulted, seized and arrested Mr. Turner without reasonable suspicion or probable cause merely because Mr. Turner was lawfully exercising his First Amendment rights by using his video camera to observe and videotape activity of the Fort Worth Police Department.

1

## II. DEMAND FOR JURY TRIAL

2. Plaintiff demands a trial by jury.

## III. PARTIES

3. Mr. Turner, an individual, is a black male citizen and adult resident of Texas, U.S.A.

4. The City of Fort Worth is an incorporated city and political subdivision of the State of Texas and manages, directs, and controls the Fort Worth Police Department, which employs the other Defendants. Service of Summons upon Defendant Fort Worth may be had by serving the City Secretary, Mary J. Kayser, City Hall, 1000 Throckmorton, Fort Worth, Texas 76102.

5. Defendant Lt. Driver is a Caucasian male individual citizen and adult resident of Texas and at all relevant times was employed by the City of Fort Worth as a Police Lieutenant. He is sued in his individual capacity and can be served with Summons at his work address at the City of Fort Worth Police Department, 1100 Nashville Ave, Fort Worth, Texas 76105, and has already entered an appearance in this matter.

6. Defendant Officer Grinalds, Badge No. 3825, is a Caucasian male individual citizen and adult resident of Texas and at all relevant times was employed by the City of Fort Worth as a Police Officer. He is sued in his individual capacity and can be served with Summons at his work address at the City of Fort Worth Police Department, 1100 Nashville Ave, Fort Worth, Texas 76105, and has already entered an appearance in this matter.

7. Defendant Officer Dyess, Badge No. 2586, is a Caucasian male individual citizen and adult resident of Texas and at all relevant times was employed by the City of Fort Worth as a Police Officer. He is sued in his individual capacity and can be served with Summons at his work address at the City of Fort Worth Police Department, 1100 Nashville Ave, Fort Worth, Texas 76105, and has already entered an appearance in this matter.

2

## IV.    JURISDICTION

8.       This action to vindicate Plaintiff's rights protected by the First, Fourth and Fourteenth Amendments to the U.S. Constitution is brought under 42 U.S.C. §§1983 and 1988. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 and 1343(a) (3) and (4). This Court also has jurisdiction under 28 U.S.C. §§2201 and 2202 to declare the rights of the parties and to grant all further relief found necessary and proper.

## V.    VENUE

9.       Venue is proper under 28 U.S.C. §1391(b) because one or more Defendants reside in the Northern District of Texas. Venue is also proper under 28 U.S.C. §1391(b) because all of the events or omissions giving rise to the claims occurred in the Northern District of Texas.

## VI.    FACTS

### A.    INTRODUCTION

10.      At the time of the events, Mr. Turner was employed part-time and was a part-time student. Photography and videography are hobbies of Mr. Turner.

11.      Mr. Turner decided to videotape the activity at the Fort Worth Police Department offices located at 1100 Nashville Ave, Fort Worth, TX 76105.

12.      On September 1, 2015 during midday, Mr. Turner was walking on the public sidewalk across the street from the Fort Worth Police Station located at 1100 Nashville Ave, Fort Worth, Texas 76105 and he was videotaping the station and the activity at the station, which is within his First Amendment rights.

13.      Mr. Turner was not violating any laws and was not acting suspiciously or furtively, as he was standing on the sidewalk in plain view wearing basketball shorts, a t-shirt, a hat, and sport shoes.

3

14.    Mr. Turner was not armed with any weapon and was only carrying a video camera.

15.    Mr. Turner **was not threatening anyone, neither by word nor action**.

16.    Further, Mr. Turner was not interfering with traffic or with any activities of Fort Worth Police Department.

17.    Mr. Turner was simply exercising his clearly established First Amendment rights to observe and videotape the routine activities at the Fort Worth Police Department building.

**B.    POLICE HARRASSMENT AND DETENTION**

18.    At all times relevant to the acts alleged in this complaint, Defendants were acting under the color of the statutes, ordinances, regulations, customs, and usages of the City of Fort Worth and the State of Texas and the individual Defendants were acting under the authority of their respective offices as a police lieutenant and police officers.

19.    While he was videotaping, Mr. Turner observed Officers Grinalds and Dyess drive up in a squad car and park on the same side of the street as the station, get out and cross the street and walk up to Mr. Turner. Officer Grinalds said to Mr. Turner "How's it going man?" and without giving Mr. Turner time to respond asked "Got your ID with you?"

20.    Mr. Turner kept videotaping and Officer Grinalds repeatedly kept asking Mr. Turner if he had ID with him.

21.    After several such questions, Mr. Turner calmly asked if he was being detained.

22.    Officer Grinalds responded that Mr. Turner was being detained for investigation and that they were concerned about who was walking around with a video camera including stating "We like to know who's surrounding our complexes."

23.    Officer Grinalds never explained how it was possible for one person with a video camera to "surround" the complex.

4

24.    After the officers identified themselves, Officer Grinalds confirmed again that Mr. Turner was being detained, and Mr. Turner asked him for what crime he was being detained.

25.    Officer Grinalds said "I didn't say you committed a crime," and continued stating that he had the right to detain Mr. Turner for investigation. "We have the right and authority to know who's walking around our facilities," said Officer Grinalds [apparently forgetting the fact that this is a free country] and resumed requesting Mr. Turner's ID until Mr. Turner asked, "What happens if I don't ID myself?" Officer Grinalds replied, "We'll cross that bridge when we come to it."

26.    Mr. Turner said "But you have to tell me what happens if I don't ID myself."

27.    Officer Grinalds said he did not have to tell Mr. Turner what would happen and continued with repeated requests for Mr. Turner's ID.

28.    In response, Mr. Turner politely asked the officer if he was familiar with Texas Penal Code §38.02.

## C.    POLICE ASSAULT AND ARREST

29.    Mr. Turner, who was not armed, did not take any steps to leave or flee, did not make any threats against the Defendant Officers or anyone else, and did not take any aggressive actions to give the Defendant Officers any concern for possible bodily harm to themselves or anyone else.

30.    Mr. Turner stated that he was not going to identify himself.

31.    The two officers then suddenly without warning grabbed Mr. Turner and put handcuffs on him using excessive force and hurting Mr. Turner's wrist, effectively arresting him with no legal reason.

32.    The officers took Mr. Turner's video camera away from him and turned it off.

33.    Officer Grinalds said "This is what happens when you don't ID yourself."

5

34.     Mr. Turner asked for a supervisor to come to the scene, which was right across the street from the station house.

35.     On the video, the dispatch can be heard asking if Officer Grinalds is "in the parking lot with someone that was videotaping," to which Officer Grinalds can be heard falsely replying, "Yes, I am," when he was, in fact, not in the parking lot but instead on a sidewalk in front of the private residences across the street from the station.

36.     Another voice believed to be the driver of a police car leaving the station can be heard off camera confirming that he was calling it in when he was coming out of the gate.

37.     Officer Grinalds' voice can be heard off camera continuing to ask Mr. Turner for ID and saying, "you'll go on down and get fingerprinted then, so we know who you are."

38.     The officers put Mr. Turner handcuffed into the back of their patrol car and left him there to sweat for a while with the windows rolled up and no air was getting in the back.

39.     Mr. Turner was banging on the door to try to get them to open the windows.

40.     Mr. Turner saw Lt. Driver come out and talk with the other Defendant Officers. They delayed and seemingly ignored Mr. Turner and left him to sweat for a while. Finally, the officers rolled the window down and Mr. Turner was lying down on the seat exhausted from the heat and the actions of the officers.

41.     Lt. Driver came to the open window and identified himself and said that he was the commander.

42.     Lt. Driver started asking Mr. Turner what he was doing and Mr. Turner told him that he was taking pictures from the sidewalk across the street.

43.     Lt. Driver asked Mr. Turner if he had any ID on him and Mr. Turner said that he did not have to ID himself because he had not been lawfully arrested and that he chose not to freely give

6

his information. Lt. Driver replied to Mr. Turner, "You're right."

44.     Lt. Driver left Mr. Turner in the back seat of the car and went back and talked with the other Defendant officers some more.

45.     Lt Driver came back and talked with Mr. Turner some more.

46.     Mr. Turner asked him why they were treating him like a criminal and said, "You guys need to let me go because I haven't done anything wrong."

47.     Instead of replying to Mr. Turner's question, Lt. Driver walked away and began talking with the other officers some more and was also talking on the phone.

48.     All three officers then came back to where Mr. Turner was sitting in the car, opened the door of the car, took Mr. Turner out of the car, and Lt. Driver started lecturing Mr. Turner.

49.     Mr. Turner asked if he could get his property back and Lt. Driver told him not until they were finished talking to him.

50.     Lt. Driver was saying things which appeared to be an attempt to justify his officers' actions.

51.     Finally, the officers released Mr. Turner and gave him his camera back, even though he never produced his ID.

52.     As Mr. Turner walked back across the street, Lt. Driver said the next time Mr. Turner stepped foot on their property he would be arrested for trespassing, even though Mr. Turner was not on the property of the station at the time of his filming, detention, and handcuffing, and the patrol car Mr. Turner was put into was parked on the street, not in the parking lot of the police station.

53.     The officers never apologized or showed any concern whatsoever for Mr. Turner and his civil rights.

7

54.    When Mr. Turner was handcuffed, he was on the public sidewalk in plain view during daylight hours for all persons driving by or arriving to observe.

55.    Mr. Turner had to suffer the humiliation of being handcuffed and held in custody by multiple police officers as if he were a common criminal.

56.    No actions of Mr. Turner would have provided a reasonable officer with reason to believe that the officer had legal cause to detain Mr. Turner, seize Mr. Turner with force and arrest Mr. Turner by placing him in handcuffs.

57.    Upon information and belief, none of the Defendants had information in the form of objective facts that would have allowed a reasonable officer to initially detain or to seize and arrest Mr. Turner by handcuffing him.

## VII.    ACTION AGAINST ALL DEFENDANTS UNDER 42 U.S.C. §1983 FOR

## VIOLATIONS OF THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS

58.    Mr. Turner adopts by reference the facts and allegations set forth in paragraphs 1-57 as though fully set forth herein.

59.    Observing public police activities, without interfering with those duties, is a legitimate means of gathering information for public dissemination and is expressive conduct protected by the First Amendment. This First Amendment right to gather information includes the right to record actions of police, subject to reasonable time, place, and manner restrictions. In this instance, Mr. Turner was standing on a public sidewalk videotaping apparently normal activities of the police during broad daylight from a public sidewalk, which activity is protected by the First Amendment to the United States Constitution.

60.    Mr. Turner was not engaged in any unlawful activity or interfering with the duties of public police activities.

8

16-10312.127

61.    None of Mr. Turner's activities were being conducted in an unreasonable time, place or manner.

62.    In fact, it is apparent from the actions of the officers and the statements made by the officers that the entire incident was an illegal attempt to "chill" Mr. Turner's First Amendment rights.

63.    Defendants acting under color of law deprived Plaintiff of certain constitutionally protected rights as follows:

a.    Officers Grinalds and Dyess unlawfully initially detained Mr. Turner and demanded to see his identification without reasonable suspicion to believe that Mr. Turner had engaged in ,was engaging in, or was about to engage in any criminal conduct;

b.    Officers Grinalds and Dyess unlawfully and unreasonably seized Mr. Turner using excessive force and arrested Mr. Turner by placing handcuffs on him without probable cause, without a warrant, without consent, and without exigent circumstances;

c.    Lt. Driver, after arriving at the scene, instead of immediately releasing Mr. Turner, continued the unlawful detention, seizure and arrest in public view in broad daylight without reasonable suspicion to believe that Mr. Turner had engaged in, was engaging in, or was about to engage in any criminal conduct and without probable cause, without a warrant, without consent, and without exigent circumstances;

d.    Lt. Driver issued Mr. Turner a criminal trespass warning when Mr. Turner had actually never voluntarily gone upon the property of the Police Station and had only been filming from the public sidewalk across the street; and

e.    Each of the foregoing actions was an illegal chilling of Mr. Turner's First Amendment rights to film the police.

9

64.     Defendant Officers acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Turner's exercise of his clearly established rights protected by the First Amendment, Fourth Amendment and Fourteenth Amendment to the U.S. Constitution.

65.     As a direct and proximate result of the Defendant's unlawful detention, seizure, and arrest, Mr. Turner sustained minor physical injuries. In addition, Mr. Turner sustained damages for pain and suffering, mental anguish, and other damages as pled herein.

66.     Upon information and belief, Defendant Fort Worth is responsible for the violations of Mr. Turner's constitutional rights because the Defendant Officers' actions resulted from Fort Worth's deliberate indifference:

    a.     in failing to formulate policies and procedures of providing for First Amendment rights or, if such policies and procedures existed, in failing to follow and enforce them;

    b.     in chilling Mr. Turner's First Amendment Rights by custom allowing officers to illegally detain, handcuff and arrest individuals for their expressive conduct in videotaping police undertaking their official duties; or

    c.     in failing to properly train and supervise officers who engage in such conduct.

67.     Defendant Fort Worth should have either (a) established policies and procedures for its Police Department in line with the established law (1) as to whether a person can be detained or arrested for failure to provide his identification in accordance with Texas law and (2) whether a person can be detained or arrested merely for filming police activity or (b) should have prevented a custom from existing in which officers did not follow such policies, if they existed.

68.     Fort Worth had a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing/allowing policies and procedures or customs that created a substantial likelihood that citizens would be subjected to unlawful detention, seizure of

10

their person, or arrest by Fort Worth's Police Department officers for mere refusal to provide their identification.

69.     Defendant Fort Worth should have established policies and procedures for its Police Department in line with the established law as to whether a person can be harassed, detained, seized, and arrested merely for videotaping the Fort Worth Police Department and the activities of its officers when the person is not interfering with any such activities or if such policies and procedures existed, should not have allowed a custom to exist in which officers did not follow them.

70.     Fort Worth had a duty under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing to effect policies and procedures or customs that created a substantial likelihood that citizens would be subjected to unlawful harassment, detention, seizure, and arrest of their person by Fort Worth's police officers merely for exercising their First Amendment rights.

71.     Upon information and belief, Defendant Fort Worth is liable for one or more of the following wrongful acts or omissions in violation of Mr. Turner' constitutional rights, in that (by and through its policy maker, its City Manager or Chief of Police) it:

a.     Established or enforced an unconstitutional policy, practice, procedure or allowed a custom to exist that allowed officers to prevent, harass, or chill individuals from exercising their First Amendment rights by filming or videotaping Fort Worth police department or Fort Worth police officers;

b.     Failed to establish or enforce appropriate policies and procedures to address and protect the proper exercise of the First Amendment rights by individual citizens;

11

c.    Failed to establish adequate policies and procedures (or failed to enforce such policies and procedures if they existed or allowed a custom ignoring such policies and procedures to exist) regarding whether a person can be detained, seized, and arrested merely for refusing to provide his identification;

d.    Failed to adequately train and supervise its police officers regarding the foregoing; and

e.    At the time of the events in question, Defendant Fort Worth had failed to give its officers appropriate policies, rules and limitations concerning the wrongful interference with the exercise of the First Amendment rights of a person in order to give Fort Worth and its officers unfettered authority and "plausible deniability" in the event that the unreasonable detention and unlawful demand to see the identification of a person was questioned.

72.    As a direct and proximate result of one or more of Defendant Fort Worth's wrongful acts or omissions, Plaintiff sustained violations of his rights under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

73.    As a direct and proximate result of the Defendant Fort Worth's wrongful acts or omissions, Mr. Turner sustained minor physical injury from illegal seizure. Further, Mr. Turner suffered damages including pain and suffering, mental anguish, and other damages as pled herein.

## VIII.  LACK OF QUALIFIED IMMUNITY

74.    Mr. Turner adopts by reference the facts and allegations set forth in paragraphs 1-73 as though fully set forth herein.

12

75.     It is clearly established law that a person has a First Amendment right to gather information and videotape police activity, subject to reasonable time, place, and manner restrictions.

76.     Defendants did not observe Mr. Turner engage in any criminal conduct and had no reasonable suspicion or probable cause to believe that Mr. Turner had committed or was committing any criminal conduct.

77.     Mr. Turner was merely videotaping the police at work, which was protected by the First Amendment to the U.S. Constitution, in broad daylight from across the street, without interfering in an arrest or trespassing or interceding in a police action such as an ongoing investigation or apprehension of a suspect.

78.     None of Mr. Turner's activities were being conducted in an unreasonable time, place or manner.

79.     It is also clearly established law that a person has a Fourth Amendment right to be free from detention without a reasonable suspicion that a person has committed or is committing or is about to commit a crime and free from arrest without a warrant or probable cause.

80.     It is also clearly established law in Texas that a person does not have to identify himself to the police unless and until he has been lawfully arrested.

81.     Mr. Turner was illegally detained and arrested by handcuffing simply because Mr. Turner was videotaping in front of a Fort Worth police station and legally refused to produce his ID as demanded.

82.     At all times, Mr. Turner was nonviolent, was unarmed, and made no threats to the safety of Defendants or others prior to the illegal acts of Defendants.

13

83.     Defendants' actions violated "clearly established statutory and constitutional rights of
which a reasonable officer would have known."

84.     No reasonable officer confronting a situation where the officer had not observed a person
engage in any criminal conduct and had no reasonable suspicion to believe that a person had
engaged in, was engaging in, was about to engage in criminal conduct, and where the need for
any force was clearly absent would have concluded that detaining Mr. Turner, seizing Mr.
Turner, handcuffing Mr. Turner and deploying any force under such circumstances was
reasonable, and therefore Defendants should not be entitled to any protection of Qualified
Immunity to avoid accountability in this case.

## IX.     DAMAGES AND ATTORNEY'S FEES

85.     Mr. Turner adopts by reference the facts and allegations set forth in paragraphs 1-83 as
though fully set forth herein.

86.     As a direct and proximate result of Defendants' unlawful actions, Mr. Turner suffered
deprivations of his constitutional rights guaranteed by the First, Fourth and Fourteenth
Amendments of the United States Constitution.

87.     Mr. Turner incurred damages for loss of reputation, shame, embarrassment, humiliation,
mental anguish, pain and suffering, and such other compensatory and consequential damages as
the law entitles Plaintiff to recover.

88.     Mr. Turner seeks punitive damages against the individual Defendants for their
intentional, willful and wanton acts completely ignoring "clearly established statutory and
constitutional rights of which a reasonable officer would have known."

89.     Mr. Turner hereby sues for these damages, and prays for just and fair recovery thereof.

90.     Mr. Turner is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b).

14

## X.    PRAYER FOR RELIEF

91.    For the foregoing reasons, Plaintiff respectfully requests the following:

a.    Enter a declaratory judgment that the Defendants violated Plaintiff's First Amendment rights to observe and videotape police activity;

b.    Enter a declaratory judgment that the Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizure;

c.    Award actual/compensatory damages against all Defendants, jointly and severally, in an amount to be determined at trial;

d.    Alternatively award nominal damages for the violations of Plaintiff's Constitutional rights;

e.    Award punitive damages against the individual Defendant Officers;

f.    Enter an award for costs, expenses, and counsel fees pursuant to 42 U.S.C. § 1988(b); and

g.    Enter such other relief as this honorable Court may deem just and deserving.

DATED this 12th day of January 2016.

Respectfully submitted,

By: _____
Kervyn B. Altaffer Jr.
State Bar No. 01116575
Altaffer & Chen PLLC
4054 McKinney Ave Ste 310
Dallas, TX 75204
Tel: 972-234-3633
Fax: 972-947-3663
Email: kervyn@altafferlaw.com

ATTORNEY FOR PLAINTIFF PHILLIP TURNER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon counsel for Defendants via mail and the ECF System, except Defendant City of Fort Worth who will be served with summons.

By: _____
Kervyn B. Altaffer Jr.

16-10312.135