# FOSTER & EAST

ATTORNEYS AT LAW

9001 Airport Freeway, Suite 675
North Richland Hills, Texas  76180

Ross T. Foster, P.C.
Kenneth E. East, P.C.

sender's email: ken@fostereast.com

817-788-1111
Fax 817-485-2836
www.fostereast.com

November 17, 2016

Mr. Lyle W. Cayce  **Via CM/ECF**
Clerk of Court
United States Court of Appeals
for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:   *Phillip Turner v. Lieutenant Driver, et al.*, No. 16-10312

Dear Mr. Cayce:

Pursuant to FRAP 28(j), I would ask the Court to note a recent decision from the Northern District of Texas in a case with similar issues. Sanders v. Lieutenant Mike Vincent, 3:15-CV-2782-D, 2016 WL 5122115, at *2 (N.D. Tex. Sept. 21, 2016) (Fitzwater, J.).

As discussed in Grinalds's Appellee's Brief at 5-6, it is one of the similar police entrapment ("First Amendment Audit") cases filed by the counsel who also represents the present appellant, Turner. There, as here, the plaintiff intentionally lured police to him by suspiciously videoing vehicles entering and leaving a police station parking lot and refused to identify himself. He was briefly detained in handcuffs.

As Judge Fitzwater described it:

At the time Officer Bagley informed Sanders that he was "under detention," . . . he had the following information available to him: Sanders, wearing a backpack containing unidentified items, was videotaping the parking lot of the Addison Police Department without having requested permission to do so, informed the police department of his reasons for doing so, or even notified the police department that he would be doing so, and, when Officer Bagley approached Sanders,

>Sanders refused to tell Officer Bagley why he was videotaping the police department and refused to identify himself or provide Officer Bagley with identification.

<u>Id.</u> at * 8.

Citing the district court opinion in the present case, which Judge Fitzwater described as presenting "nearly identical facts," the court held, "Under the totality-of-the-circumstances, these facts are sufficient to create a reasonable suspicion that criminal activity is afoot." <u>Id.</u>; <u>see</u> Appellant's Brief at 30. As argued by Grinalds, the order below was correct, and, moreover, that other district courts agree simply further negates any notion that the law was clearly established to the contrary. "If judges thus disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy." <u>Pearson v. Callahan</u>, 555 U.S. 223, 245 (2009) (cited in Appellant's brief at 24.)

<u>Sanders v. Lieutenant Mike Vincent</u> supports the District Court's dismissal of the defendants in this case.

Sincerely,
/s/*Kenneth E. East*
Kenneth E. East
ATTORNEY FOR APPELLEE
OFFICER GRINALDS, Badge No. 2586, in his individual capacity

cc: Kervyn B. Altaffer, Jr.
Lunbing Chen
Meagan Hassan
D. Lee Thomas
Luis Galindo
Laetitia Brown
Client