# A&C Altaffer & Chen PLLC

4054 McKinney Ave Ste 310
Dallas, TX 75204
Tel: 972-234-3633
Fax: 972-947-3663
http://altafferlaw.com

Kervyn B. Altaffer Jr.                                                                 Lunbing Chen
kervyn@altafferlaw.com                                                     lunbing@altafferlaw.com

November 17, 2016

Mr. Lyle W. Cayce
Clerk of Court
United States Court of Appeals
for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: *Phillip Turner v. Lieutenant Driver, et al.*, No. 16-10312

Dear Mr. Cayce:

Appellant Phillip Turner hereby responds to Appellee Officer Grinalds' supplemental authority, *Sanders v. Lieutenant Mike Vincent*, 3:15-CV-2782-D, 2016 WL 5122115 (N.D. Tex. Sept. 21, 2016) (Fitzwater, J.), filed herein on November 17, 2016.

The section quoted by Appellee from the decision in *Sanders* reflects a critical error in the district court's reasoning—there is no law requiring anyone to request permission to film a police department or vehicles entering and leaving a police department parking lot, to inform a police department of the reasons for filming, or to notify a police department that it is going to be filmed, and there is no law making failure to do so a crime. The People do not have the onus to prove

they are not engaged in criminal conduct in order to avoid unreasonable seizure by state actors acting under color of state law.

The mere act of filming does not support reasonable suspicion that a crime has been committed, is being committed or is about to be committed. Absent reasonable suspicion, "the balance between the public interest and appellant's right to personal security and privacy tilts in favor of freedom from police interference" and detention by the police not based upon objective criteria that the person was actually involved in criminal activity violates the Fourth Amendment. *Brown v. Texas*, 443 U.S. 47, 52 (1979). As the Court in *Brown* noted, even if "stopping and demanding identification" served some social purpose, the Fourth Amendment does not allow it "without any specific basis for believing [the person] is involved in criminal activity." *Id. See* Appellant's Brief p. 22 and note 109.

The district court in *Sanders v. Lieutenant Mike Vincent* relied extensively upon the very decision on appeal in this case, which was issued by a Senior District Judge in the same district. Although the Plaintiff in *Sanders v. Lieutenant Mike Vincent*, 3:15-CV-2782-D, 2016 WL 5122115 (N.D. Tex. Sept. 21, 2016) (Fitzwater, J.) has not appealed, acceptance of the *Sanders* decision by this Court as authoritative will only perpetuate the errors being appealed in the case currently before the Court.

BY: */s/* Kervyn B. Altaffer Jr.
KERVYN B. ALTAFFER JR.
State Bar No. 01116575
kervyn@altafferlaw.com

**LEAD ATTORNEY OF RECORD
FOR APPELLANT PHILLIP TURNER**

ALTAFFER & CHEN PLLC
4054 McKinney Ave., Suite 310
Dallas, TX 75204
Telephone: (972) 234-3633
Facsimile: (972) 947-3663

LUNBING CHEN
State Bar No. 24097493
lunbing@altafferlaw.com

ALTAFFER & CHEN PLLC
4054 McKinney Ave., Suite 310
Dallas, TX 75204
Telephone: (972) 234-3633
Facsimile: (972) 947-3663

MEAGAN HASSAN
State Bar No. 24065385
meagan.hassan@demondhassan.com

DEMOND & HASSAN PLLC
1520 Rutland
Houston, TX 77008
Telephone: (713) 701-5240
Facsimile: (713) 588-8407

## Certificate of Service

In compliance with Fed. R. App. P. 31, 5th Cir. R. 31, and ECF Filing Standards, I certify that a PDF copy was served electronically on the following named counsel of record when this reply letter was filed through the ECF system.

Kenneth E. East
D. Lee Thomas
Luis Galindo
Lunbing Chen
Meagan Hassan

>BY: */s/* Kervyn B. Altaffer Jr.
>KERVYN B. ALTAFFER JR.

## Certificate of Compliance

The undersigned counsel certifies that this reply letter complies with the word limits of Fed. R. App. Proc. 28(j) and contains 347 words in the body of the letter.

>BY: */s/* Kervyn B. Altaffer Jr.
>KERVYN B. ALTAFFER JR.